### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| LISIA HALL, on behalf of herself and others similarly situated, | : | No. |
| Plaintiffs, | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| PRECISION HEALTH CARE, INC., | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

Plaintiff Lisia Hall, individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

### NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. This case involves a campaign by Precision Health Care, Inc. ("Precision Health") to market its services through automated telemarketing calls in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (hereinafter referred to as the "TCPA"),

including to individuals, who like the Plaintiff, had listed their number on the National Do Not Call Registry.

3. The recipients of Precision Health's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and, because the technology used by Precision Health makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff Lisia Hall is, and at all times mentioned herein was, an individual citizen of Texas.

5. Defendant Precision Health is a Florida corporation headquartered in Fort Lauderdale, Florida, in this District.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has general personal jurisdiction over Precision Health because the company resides in this District.

8. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because the telephone calls at issue were directed from this District and Defendant resides here.

## TCPA BACKGROUND

The National Do Not Call Registry

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

12. Defendant Precision Health Care is a "person" as the term is defined by 47 U.S.C. § 153(39).

13. Plaintiff Hall's telephone number, 470-276-XXXX, is registered on the National Do Not Call Registry and had been for more than 31 days prior to the calls in this action.

14. Plaintiff Hall received calls promoting insurance services to her number 470-276-XXXX on May 5, 17 and 18, 2021.

15. Plaintiff Hall informed the caller on each call she answered that she was not interested in their services.

16. The Plaintiff made this statement on at least May 5 and 17, 2021 during the telemarketing calls.

17. On the May 18, 2021 call, the Plaintiff engaged the telemarketer to confirm their identity.

18. During the telemarketing call, the Plaintiff was offered Precision's insurance services.

19. On the May 18, 2021 call, "Tyler" indicated that he worked for the Defendant.

20. During this call, Tyler also informed the Plaintiff of the cost of a health insurance plan with the Defendant, but only if the Plaintiff signed up for the plan that day.

21. During that same call, Tyler indicated that the name of the website for the company was www.precisionhealthcare.com.

22. This is the website for the Defendant.

23. The Plaintiff received a call from the same Caller ID number, 678-336-6319, on May 5, 17 and 18, 2021.

24. The Defendant was engaged in *en masse* calling through use of this Caller ID number, as they utilized a Georgia area code to contact the Plaintiff, a Texas resident, despite calling from Florida.

25. Furthermore, this Caller ID number, 678-336-6319, has been reported as connected with spam. *See e.g.* https://www.reportedcalls.com/6783366319 (Last Visited September 8, 2021).

26. Plaintiff did not provide her prior express written consent to receive the telemarketing calls at issue and did not have a prior business relationship with Precision.

27. The calls were not necessitated by an emergency.

28. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

30. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Do Not Call Class**: All persons within the United States: (1) to whose telephone number registered with the National Do Not Call Registry for at least thirty days at the time of each call (2) Defendant (or its agent) placed more than one telemarketing call within a 12-month period (3) within the four years prior to the filing of the Complaint through the date of trial.

31. Plaintiff Hall is a member of and will fairly and adequately represent and protect the interests of this Class as she has no interests that conflict with any of the class members.

32. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

33. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time,

charges for the calls, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

34. This Class Action Complaint seeks injunctive relief and money damages.

35. The Class's members as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

36. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes the Class's members number, at minimum, in the hundreds.

37. The joinder of all members of the Class is impracticable due to the size and relatively modest value of each individual claim.

38. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

39. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether Defendant made calls without first obtaining prior express written consent to make the calls;

    (b) whether Defendant systematically made telemarketing calls to telephone numbers registered with the National Do Not Call Registry;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

41. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are

committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

42. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

43. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act (47 U.S.C. 227(b)) on behalf of the Do Not Call Class**

44. Plaintiff incorporates the allegations from paragraphs 1-42 as if fully set forth herein.

45. Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the Class while those persons' phone numbers were registered on the National Do Not Call Registry.

46. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant or its agents from calling telephone numbers registered with the National Do Not Call Registry advertising their goods or services, except for emergency purposes, in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a class the Court deems appropriate, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firms representing Plaintiff as counsel for the class; and

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

                              Respectfully Submitted,

                              **Plaintiff Hall**, individually and on behalf of those similarly situated individuals

Dated: September 9, 2021        */s/ Avi Kaufman*
                                            Avi R. Kaufman (FL Bar no. 84382)
                                            kaufman@kaufmanpa.com
                                            Rachel E. Kaufman (FL Bar no. 87406)
                                            rachel@kaufmanpa.com
                                            KAUFMAN P.A.
                                            400 NW 26th Street

Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative class*